IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAREN PORTER, | : |
| Plaintiff | : |
| v. | : CIVIL NO. 3:CV-15-142 |
| UNITED STATES OF AMERICA, | : (Judge Conaboy) |
| Defendant | : |

FILED
SCRANTON
MAR 29 2016
_____ /s/ _____
DEPUTY CLERK

**MEMORANDUM**
**Background**

Daren Porter (Plaintiff), an inmate presently confined at the Allenwood United States Penitentiary, White Deer, Pennsylvania (USP-Allenwood), initiated this pro se action pursuant to the Federal Tort Claims Act (FTCA). Named as sole Defendant is the United States of America.

It is undisputed that Plaintiff is serving a life sentence for first degree murder which was imposed by a Michigan state court. Porter was transferred into the custody of the Federal Bureau of Prisons (BOP) as "a contract boarder" in 1999. Doc. 1, p. 1. On May 18, 2010, the BOP designated Plaintiff for placement in a Special Management Unit (SMU). The initial portion of the Complaint contends that this designation was improper and constituted negligence because the agreement between Michigan and the BOP provided that Porter should be returned to state custody if

1

it was determined that he could not adjust adequately to placement in general population at a BOP facility.

On November 29, 2010, Plaintiff was transferred to the SMU at the United States Penitentiary, Lewisburg, Pennsylvania (USP-Lewisburg). See id. at p. 3. It is next alleged that on October 2, 2012 Correctional Officer B. White subjected Plaintiff to racially motivated verbal harassment in the USP-Lewisburg SMU. White's remarks allegedly falsely accused Porter of being a rapist and child molester with the intention of inciting an altercation between Plaintiff and his cell mate. Officer White next removed Porter from his cell and escorted him to the shower room. While Porter was handcuffed "behind his back", White allegedly "slammed" him to the floor. Id. at p. 5. Plaintiff suffered a broken right collarbone, sprained ankle, and lacerations as a result of this alleged intentional assault.

Despite making repeated complaints of pain and injury to his shoulder to EMT Potter and other correctional staff members, Porter was nonetheless placed in ambulatory restraints for a prolonged period. Although Plaintiff continued to complain of shoulder pain, through the duration of his placement in ambulatory restraints no medical care was provided. The Complaint next maintains Correctional Officer White fabricated a misconduct charge against Potter in an effort to cover up his excessive use of force. However, Plaintiff was found not guilty of those charges following an institutional disciplinary hearing.

The next day Plaintiff was removed from restraints and taken for an x-ray. It is asserted that Doctor Edinger, a prison

physician, reviewed the x-ray which revealed that the inmate had broken his collarbone in three places. Edinger directed that Porter be transported to an outside hospital for further treatment. However, the staff at the outside hospital allegedly "only put Plaintiff arm in a sling and sent hm back to the prison." Id. at pp. 7-8. Following his return to USP-Lewisburg, Plaintiff was again seen by Doctor Edinger who felt that surgery was required. and referred Porter for evaluation by an outside orthopedic specialist, Doctor Ball. However, Plaintiff asserts that he was forced to live in pain for weeks while awaiting further treatment for his shoulder.

During that same period, the Complaint contends that two USP-Lewisburg lieutenants tried to force Plaintiff into accepting a cell mate despite the fact that the inmate was unable to defend himself since his arm was in a sling. Porter asserts that he was eventually assigned a cell mate who required a lower bunk. As a result, Porter was forced to climb into an upper bunk despite the fact that his right arm was in a sling. In addition the cell mate purportedly stole Porter's food because the Plaintiff was unable to defend himself.

Surgery was eventually performed on Porter by Doctor Ball which included the placement of a rod and screws. Despite the surgery, Plaintiff still has pain and only limited mobility of his right arm. The Complaint asserts that all of the above described actions were negligent.

The Defendant has responded to the Complaint by filing a motion for summary judgment. See Doc. 11. The opposed motion is ripe for consideration. Also pending before the Court is

Plaintiff's motion requesting permission to view video tape evidence which has been provided to the Court under seal by the Defendant. See Doc. 33. This motion has not been opposed.

## Discussion

Defendant claims entitlement to entry of summary judgment on the grounds that: (1) Plaintiff failed to file an administrative tort claim regarding some of his allegations; (2) the record does not support the assault and battery claim; (3) a certificate of merit has not been filed regarding the medical negligence claims; and (4) the Defendant bears no liability for medical care provided by an independent contractor. See Doc. 22, p. 9.

**Standard of Review**

Summary judgment is proper if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); See also Saldana v. Kmart Corp., 260 F.3d 228, 231-32 (3d Cir. 2001). A factual dispute is "material" if it might affect the outcome of the suit under the applicable law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A factual dispute is "genuine" only if there is a sufficient evidentiary basis that would allow a reasonable fact-finder to return a verdict for the non-moving party. Id. at 248. The court must resolve all doubts as to the existence of a genuine issue of material fact in favor of the non-moving party. Saldana, 260 F.3d at 232; see also Reeder v. Sybron Transition Corp., 142 F.R.D. 607, 609 (M.D. Pa. 1992). Unsubstantiated arguments made in briefs are not considered

evidence of asserted facts. Versarge v. Township of Clinton, 984 F.2d 1359, 1370 (3d Cir. 1993).

Once the moving party has shown that there is an absence of evidence to support the claims of the non-moving party, the non-moving party may not simply sit back and rest on the allegations in its complaint. See Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). Instead, it must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Id. (internal quotations omitted); see also Saldana, 260 F.3d at 232 (citations omitted). Summary judgment should be granted where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial." Celotex, 477 U.S. at 322-23. "'Such affirmative evidence – regardless of whether it is direct or circumstantial – must amount to more than a scintilla, but may amount to less (in the evaluation of the court) than a preponderance.'" Saldana, 260 F.3d at 232 (quoting Williams v. Borough of West Chester, 891 F.2d 458, 460-61 (3d Cir. 1989)).

**FTCA**

The FTCA provides a remedy in damages for the simple negligence of employees of the United States. See United States v. Muniz, 374 U.S. 150, 150 (1963). Under the FTCA, sovereign immunity is waived against persons suing the federal government for the commission of various torts. See Simon v. United States, 341 F. 3d 193, 200 (3d Cir. 2003).

5

A plaintiff pursuing an FTCA claim must show: (1) that a duty was owed to him by a defendant; (2) a negligent breach of said duty; and (3) that the negligent breach was the proximate cause of the plaintiff's injury/loss. Mahler v. United States, 196 F. Supp. 362, 364 (W.D. Pa. 1961). The only proper Defendant for purposes of an FTCA claim is the United States of America. See 28 U.S.C. § 2679(d). Except for limited circumstances, an FTCA claim in federal court is limited to recovery of the sum certain amount requested in the underlying administrative claim. See McMichael v. United States, 856 F.2d 1026, 1035 (8th Cir. 1988).[1]

It is well-settled that a federal district court addressing an FTCA action must apply the law of the state, in this case Pennsylvania, in which the alleged tortious conduct occurred. 28 U.S.C. § 1346(b) (1996); Toole v. United States, 588 F.2d 403, 406 (3d Cir. 1978); O'Neal v. Department of Army, 852 F. Supp. 327, 334-35 (M.D. Pa. 1994); Turner v. Miller, 679 F. Supp. 441, 443 (M.D. Pa. 1987). However, in cases such as this which involve federal prisoners, it has been recognized that the government's duty of care is one of ordinary diligence. See 18 U.S.C. § 4042; Turner, 679 F. Supp. at 443. The applicable law with respect to

---

1. Specifically, 28 U.S.C § 2675(b) provides:

> Action under this section shall not be instituted for any sum in excess of the claim presented to the federal agency, except where the increased
> amount is based on newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim.

6

the burden and quantum of proof under the FTCA remains that of the state in which the alleged tortious conduct occurred. <u>Hossic v. United States</u>, 682 F. Supp. 23, 25 (M.D. Pa. 1987). Under Pennsylvania law, a plaintiff is required to show that the defendant's negligence was the proximate cause of his injury by a preponderance of the evidence. <u>Baum v. United States</u>, 541 F. Supp. 1349, 1351 (M.D. Pa. 1982).[2]

**Exhaustion**

Defendant acknowledges that Porter filed an administrative tort claim regarding his pending claims of being assaulted by Correctional Officer White on or about October 2, 2012 and his related allegations of negligent delay and denial of medical treatment for injuries sustained in that attack. However, the Defendant argues that Plaintiff filed this action before exhausting administrative tort claims regarding his negligence claims that: (1) the BOP's designation of Plaintiff into the SMU program; (2) verbal harassment by CO White; and (3) Plaintiff was forced to accept a cell mate and sleep in a upper bunk while his arm was in a sling. <u>See</u> Doc. 22, p. 20.

Plaintiff's opposing brief does not address the failure to exhaust argument.

An action filed pursuant to the FTCA must first be submitted in writing to the appropriate federal agency as an administrative tort claim. <u>See</u> 28 U.S.C. § 2675. It has been recognized that

---

2. Pennsylvania law defines proximate cause as causation which was a substantial factor in bringing about the injury. <u>Hamil v. Bashline</u>, 392 A.2d 1280, 1284 (Pa. 1978).

7

although an administrative tort claim does not need to include "every possible theory of liability" a plaintiff cannot present one claim to an agency and then initiate suit based on a different set of facts. Roma v. United States, 344 F.3d 352, 362 (3d Cir. 2003).

There is no indication whatsoever that Porter filed an administrative tort claim with the BOP his pending negligence claims that: (1) the BOP's designation of Plaintiff into the SMU program was negligent; (2) verbal harassment by CO White; and (3) requiring Plaintiff to accept a cell mate while his arm was in a sling. Accordingly, there was failure by Plaintiff to comply with the exhaustion requirement regarding those three allegations. This unopposed request for summary judgment will be granted.[3]

**Doctor Ball**

It is undisputed that Plaintiff was referred to Doctor Ball an outside orthopedic specialist. Doctor Ball saw Plaintiff on October 10, 2013 and recommended surgery on the inmate's clavicle. Surgery was performed by Doctor Ball at an outside hospital on October 19, 2013.

Defendant contends that since Doctor Ball is not an employee of the United States, the Complaint to the extent that it seeks to assert an FTCA claim of medical negligence against Doctor Ball is subject to dismissal. See Doc. 22, p. 39. Plaintiff's opposing brief does not address this argument.

Based upon this Court's review of the Complaint there are no facts which would clearly show that Porter wishes to pursue a

---

3. In the event, Plaintiff can establish that he initiated and completed to final review an administrative tort claim regarding any of the three claims cited above, he may file a reconsideration motion within fourteen (14) days of the date of this Memorandum.

8

medical negligence claim against Doctor Ball. Nonetheless, since the parties both describe the Doctor was being an outside physician not employed by the BOP this Court agrees that the Defendant is not liable under the FTCA for the actions of Doctor Ball since he is clearly an independent contractor. This unopposed request for summary judgment will be granted.

For those same reasons any negligence FTCA claim by Plaintiff regarding inaction by medical staff at an outside hospital which allegedly simply placed the prisoner's right arm in a sling and returned him to the prison likewise cannot proceed because there are no facts alleged showing that those outside hospital staff members were employed by the BOP.

**Certificate of Merit**

Defendant's initial argument contends that Plaintiff's claims of medical negligence should be dismissed because he failed to file the required certificate of merit. See Doc. 31, p. 15.

As discussed above, a federal district court addressing an FTCA action must apply the law of the state, in this case Pennsylvania, in which the alleged tortious conduct occurred. In order to present a prima facie case of medical malpractice/negligence under Pennsylvania state law, a plaintiff has the burden of presenting expert testimony by an appropriate licensed professional who can testify to a reasonable degree of medical certainty that the actions or omissions of the defendant deviated from acceptable medical standards, and that said deviation constituted a substantial factor in causing the Plaintiff's injury. Simpson v. Bureau of Prisons, 2005 WL 2387631 *5 (M.D. Pa. Sept. 28, 2005)(Vanaskie, C.J.).

9

Rule 1042.3 requires a person who brings a claim of medical malpractice/negligence to file an appropriate certificate of merit either with the complaint or within sixty (60) days thereafter. The Rule 1042.3 certificate must certify that either: (1) an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the conduct which is the subject of the complaint fell outside acceptable professional standards and was a cause in bringing about the harm; (2) the claim of deviation by defendant from an acceptable professional standard is based solely upon allegations that other licensed professionals for whom defendant is responsible deviated from an acceptable professional standard; (3) expert testimony of an appropriate licensed professional is unnecessary.

Courts within this circuit have recognized that Rule 1042.3 is substantive law and should be applied by federal courts sitting in diversity. Schwalm v. Allstate Boliler & Construction, 2005 WL 1322740 *1 (M.D. Pa. May 17, 2005)(Caputo, J.); Scaramuzza v. Sciolla, 345 F. Supp.2d 508, 509-10 (E.D. Pa. 2004). It has also been held that a Plaintiff pursuing an FTCA claim must comply with Pennsylvania substantive law. Arrington v. Inch, 2006 WL 860961 *7 (M.D. Pa. March 30, 2006) (Conner, J.). In addition, Plaintiff's incarceration or pro se status is not a viable basis upon which to excuse compliance with Rule 1042.3 or the requirement of coming forth with expert medical testimony. See Perez v. Griffin, 2008 WL 2383072 *3 (M.D. Pa. June 9, 2008)(Rule 1042.3 applies to incarcerated and pro se plaintiffs and constitutes a rule of

substantive state law to which plaintiffs in federal court must comply).

The pending Complaint potentially includes multiple claims of medical negligence. The first of those such assertions raised by Plaintiff is that EMT Potter, a prison staff member, allowed Plaintiff to be placed in ambulatory restraints and failed to properly evaluate his shoulder injury. Next, Plaintiff contends that members of the prison's medical staff who conducted two hour assessments of his condition while he was in ambulatory restraints were also negligent for failure to investigate and treat his broken collarbone.

The Complaint also references actions by Porter's orthopedic surgeon, Doctor Ball and by Doctor Edinger, a prison staff physician who had Plaintiff transferred to an outside hospital after reviewing his initial x-ray. Staff at the outside hospital were also allegedly negligent because they simply put Plaintiff's arm in a sling and returned him to the prison. See Doc. 1, p. 8. Following Plaintiff's return to USP-Lewisburg, Doctor Edinger referred him for evaluation by Doctor Ball. There are also claims which seem to assert that there was a delay of weeks in arranging the evaluation by Doctor Ball. See id.

Since Plaintiff has not submitted a Rule 1042.3 certificate of merit or otherwise indicated that he has retained an expert witness, this Court agrees that based upon the facts asserted regarding Doctor Edinmger it is appropriate for this court to dismiss any FTCA medical malpractice/negligence claims against Doctor Edinger without prejudice. See Osorio v. United States,

2007 WL 2008498 *2 (W.D. Pa. July 5, 2007); see also Henderson v. Pollack, 2008 WL 282372 *4 (M.D. Pa. Jan 31, 2008)(Caldwell, J.)(citing Hartman v. Low Security Correctional Institution, Allenwood, 2005 WL 1259950 * 3 (M.D. Pa. May 27, 2005)(Muir, J.).

The only exception to Rule 1042.3 is where the matter "is so simple and the lack of skill or want of care is so obvious as to be within the range of ordinary experience and comprehension of even nonprofessional persons." Berman v. United States, 205 F. Supp.2d 362, 264 (M.D. Pa. 2002) (citing Brannan v. Lankenau Hospital, 490 Pa. 588 (1980). However, the instances when expert opinions may be unnecessary are rare. See Simpson, 2005 WL *6; Arrington, 2006 WL 860961 *7.

Based upon Plaintiff's allegation that when first seen by Doctor Edinger the physician stated how did no one notice this, the bone was sticking upwards and stabbing into my flesh, the negligence claims against EMT Potter and the other medical staff who assessed Plaintiff while he was in ambulatory restraints arguably fall within the above described exception to Rule 1042.3. See Doc. 1, p. 13. Accordingly, the request for dismissal of those medical negligence claims under Rule 1042.3 will be denied. Likewise, the apparent claim that there was a delay of weeks before Plaintiff was seen by Doctor Ball also conceivably fits within the recognized exception to Rule 1042.3 and will also be allowed to proceed.[4]

---

4. Since this Court has already determined that any claims against Doctor Ball and outside hospital staff are not properly pursued under the FTCA the Rule 1042.3 argument with respect to those individuals does not need to be addressed.

12

Assault/Motion to View Tapes

With respect to the incident of October 2, 2012, the Defendant maintains that any allegation of assault with respect to the force used by Correctional Officer White and the placement of ambulatory restraints should not be allowed to proceed because the undisputed record shows that those actions were reasonable and in accordance with BOP policy. See Doc. 22, p. 20.

In support of its argument the Defendant provided this Court with three videotapes pertaining to the events at issue which ere filed under seal. The Defendant added that Porter would be afforded opportunity to view those videotapes at his current place of incarceration. See Doc. 19, ¶ 9.

Porter has filed a motion requesting that he be provided opportunity to view the submitted videotapes in order to verify their authenticity. See Doc. 33. The motion is unopposed.

Since the Defendant previously expressed its intention to allow Plaintiff opportunity to review the videotape evidence, the unopposed motion will be granted. Moreover, the remaining summary judgment arguments will be dismissed without prejudice an may be reasserted after Porter has had opportunity to review the videotapes.[5] An appropriate Order will enter.

*[signature]*
RICHARD P. CONABOY
United States District Judge

DATED:   MARCH  24th, 2016

---

5. Since the videotape evidence also appears to be relevant to EMT Potter's initial medical assessment of Porter, it is also appropriate to withhold consideration of the Defendant's remaining argument that the medical care provided to Plaintiff while he was in ambulatory restraints was appropriate.

13